UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK HARDY, #365679,

        Petitioner,

                              CASE NO. 13-CV-14324
v.                              HONORABLE MARK A. GOLDSMITH

STEVE RIVARD,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## TO HOLD HABEAS PETITION IN ABEYANCE

### I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Frank Hardy ("Petitioner") was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, second offense, following a jury trial in the Wayne County Circuit Court in 2011. He was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of 30 to 60 years imprisonment on the assault conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction.

In his habeas pleadings, Petitioner raises claims concerning his right to confront witnesses, his right to a public trial, the non-disclosure of evidence, the conduct of the

prosecutor, and the effectiveness of trial counsel.  See Pet. at cm/ecf Pg ID 15-24 (Dkt. 4).  The matter is before the Court on Petitioner's motion to hold his habeas petition in abeyance so that he may return to state court and exhaust additional issues.  Pet'r's Mot. (Dkt. 1).  For the reasons stated below, the Court denies Petitioner's motion.

## II.  BACKGROUND

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the claims contained in his present petition.  The Michigan Court of Appeals affirmed his convictions.  People v. Hardy, No. 305234, 2013 WL 1137177 (Mich. Ct. App. March 19, 2013).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  People v. Hardy, 834 N.W.2d 875 (Mich. 2013).

Petitioner dated his abeyance motion on October 8, 2013 and it was filed by the Court on October 11, 2013.  The Court then issued a deficiency order requiring Petitioner to submit a habeas petition, as well as the filing fee or an application to proceed in forma pauperis (IFP) 10/17/2013 Order (Dkt. 3).  Petitioner complied with the Court's order and corrected the deficiency.  See Pet. (Dkt. 4); IFP Application (Dkt. 5).  He dated his federal habeas petition on October 29, 2013 and it was filed by the Court on November 1, 2013.  Petitioner seeks to hold his habeas petition in abeyance so that he may return to state court and exhaust additional issues concerning the trial court's failure to rule on his motion for new trial and the effectiveness of appellate counsel.

## III.  ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners

must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990) ("In the Sixth Circuit, a habeas petitioner normally must present his claim to the state's highest court in order to exhaust state remedies under 28 U.S.C. § 2254."). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. Granberry v. Greer, 481 U.S. 129, 131, 134-135 (1987). The burden is on the petitioner to prove exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when (i) the one-year statute of limitations poses a concern, (ii) the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, (iii) the petitioner has not engaged in intentionally dilatory litigation tactics, and (iv) the unexhausted claims are not "plainly meritless." Id. at 277.

Petitioner has not shown the need for a stay. His current habeas claims are exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"). The Michigan Supreme Court denied leave to appeal on direct appeal on July 30, 2013 and the time for seeking a writ of certiorari with the United States Supreme Court expired on October 28, 2013. Petitioner dated his federal habeas petition on October 29, 2013. Thus, only one day of the one-year limitations period has expired. While the time in which this case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-1089 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-221 (2002). Given that nearly the whole one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so. Petitioner has not shown the need for a stay.

### IV. CONCLUSION

Accordingly, the Court denies Petitioner's motion to hold his habeas petition in abeyance. Should Petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a dismissal

without prejudice of his habeas petition by December 23, 2013.  If he does not do so, the Court shall proceed on the claims contained in the pending petition.

    SO ORDERED.

Dated:  November 21, 2013            s/Mark A. Goldsmith
    Flint, Michigan               MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2013.

                                    s/Deborah J. Goltz
                                    DEBORAH J. GOLTZ
                                    Case Manager