UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK HARDY, #365679,

                Petitioner,

                                        CASE NO. 13-CV-14324

v.                                  HONORABLE MARK A. GOLDSMITH

STEVE RIVARD,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL BUT GRANTING MOTION FOR EXTENSION OF TIME

### I.

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Frank Hardy ("Petitioner") was convicted of first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, second offense, following a jury trial in the Wayne County Circuit Court in 2011.  He was sentenced to life imprisonment without the possibility of parole on the murder conviction, a concurrent term of 30 to 60 years imprisonment on the assault conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction.

      In his habeas pleadings, Petitioner raises claims concerning his right to confront witnesses, his right to a public trial, the non-disclosure of evidence, the conduct of the prosecutor, and the effectiveness of trial counsel.  Respondent has recently filed the state court record and an answer

to the petition contending that it should be denied because the claims are barred by procedural default and/or lack merit. This matter is before the Court on Petitioner's motions for appointment of counsel and for an extension of time to file a reply to Respondent's answer.

## II.

Petitioner seeks the appointment of counsel because he is unable to afford counsel, he is untrained in the law and has limited library access, and the issues in his case are complex. Petitioner, however, has no absolute right to be represented by counsel on federal habeas corpus review. Abdur-Rahman v. Michigan Dept. of Corrections, 65 F.3d 489, 492 (6th Cir. 1995); see also Wright v. West, 505 U.S. 277, 293 (1992) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting United States v. Madden, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted his petition, and Respondent has recently filed an answer to the petition and the state court record. Based upon a preliminary review of those materials, the Court finds that neither discovery nor an evidentiary hearing are necessary at this time, and the interests of justice do not require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases. Accordingly, the Court shall deny Petitioner's motion for appointment of counsel. The Court will bear in mind Petitioner's request if, following a more thorough review of the pleadings and the state court record, the Court determines that appointment of counsel is necessary. Petitioner need not file an additional motion regarding this issue.

Petitioner also seeks a 90-day extension of time in which to file a reply to Respondent's answer to the petition. Given Petitioner's lack of legal training and limited prison library access, the Court finds that such an extension of time is warranted. Accordingly, the Court shall grant

Petitioner's motion for an extension of time.

### III.

Accordingly, for the reasons stated, the Court denies Petitioner's motion for appointment of counsel, but grants his motion for an extension of time to file a reply to Respondent's answer. Petitioner shall file his reply on or before August 8, 2014.

It is so ordered.

Dated: May 7, 2014                                    s/Mark A. Goldsmith _____
      Flint, Michigan                              MARK A. GOLDSMITH
                                            United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 7, 2014.

                                         s/Deborah J. Goltz _____
                                         DEBORAH J. GOLTZ
                                         Case Manager